UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MONICA E. VORDER LANDWEHR,

         Plaintiff,

   v.                                   Civil No. 07-0178-HA

                                       OPINION AND ORDER

MICHAEL J. ASTRUE,
Commissioner of Social Security,

         Defendant.

_____

HAGGERTY, Chief Judge:

Plaintiff Monica Vorder Landwehr seeks judicial review of a final decision by the

Commissioner of the Social Security Administration denying her application for Disability

Insurance Benefits (DIB) under Title II of the Social Security Act. 42 U.S.C. §§ 401-33. This

court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the

following reasons, the Commissioner's decision is affirmed.

**<u>STANDARDS</u>**

1- OPINION AND ORDER

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability.  20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to a second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude SGA.  20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments).  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

If the impairment is not presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work

that the claimant has performed in the past. If the claimant is able to perform his or her former

work, a finding of "not disabled" is made and benefits are denied. 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the

Commissioner proceeds to the fifth and final step to determine if the claimant can perform other

work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of

proof as to steps one through four. Accordingly, the claimant bears the initial burden of

establishing his or her disability.

However, in the fifth step, the burden shifts to the Commissioner to show there are a

significant number of jobs in the national economy that the claimant can perform given his or her

residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74

F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for

purposes of awarding benefits under the Act. 20 C.F.R. § 404.1520(f)(1). If the Commissioner

meets this burden, the claimant must be deemed not disabled for purposes of determining

benefits eligibility. 20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards

and its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. §

405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035,

1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance;

it is "such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The

3- OPINION AND ORDER

Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one

rational interpretation, as long as one of the interpretations supports the decision of the ALJ.

*Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at

1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the

Commissioner's decision. *Tackett*, 180 F.3d at 1098.  The Commissioner, not the reviewing

court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in

instances in which the evidence would support either outcome.  *Benton v. Barnhart*, 331 F.3d

1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence still must be set aside if the

Commissioner did not apply the proper legal standards in weighing the evidence and making the

decision. *Reddick*, 157 F.3d at 720.

**FACTS**

Plaintiff was forty-two years old at the time of the ALJ's final decision.  She had a

college degree and has past work experience as a teacher, educational service advocate,

correctional officer, teacher's aid, storage rental clerk and sales clerk.

She protectively applied for benefits on April 13, 2001, alleging disability beginning

December 28, 2000. The application was denied initially and on reconsideration.  An ALJ issued

a decision on January 20, 2004.  Plaintiff requested review by the Appeals Council, which was

denied on August 17, 2004.  Plaintiff filed an appeal in district court.  Based on the stipulation of

the parties, the district court reversed and remanded the case to the Commissioner for further

proceedings pursuant to sentence four of 42 U.S.C. § 405(g) on November 4, 2005.

4- OPINION AND ORDER

Accordingly, the Appeals Council vacated the final decision of the Commissioner and remanded the case to an

ALJ for further proceedings consistent with the court's order.

Meanwhile, on March 15, 2004, plaintiff filed another application for disability insurance benefits. The claim was denied initially and on reconsideration and a request for a hearing was filed. The ALJ consolidated the two applications and held a hearing on October 30, 2006. Testimony was taken from plaintiff, who was represented by an attorney, and Rosalyn Kliot, a vocational expert. The ALJ issued a decision on November 28, 2006, denying plaintiff's application. Plaintiff initiated this appeal.

## SUMMARY OF ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since her alleged disability onset date. Tr. 818, Finding. 2. This finding is not in dispute.

At step two, the ALJ found that plaintiff had severe physical impairments, including bipolar affective disorder, post-traumatic stress disorder (PTSD), a borderline personality disorder, and poly-substance abuse. Tr. 818, Finding 3. This finding is not in dispute.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 819, Finding 4. This finding is not in dispute.

At step four, the ALJ found that plaintiff was capable of performing her past relevant work as a housekeeper/cleaner. This finding is in dispute. The ALJ so found after determining that plaintiff had the RFC to perform simple, routine, repetitive, medium to light exertion work, was restricted to only occasional interaction with her supervisors and co-workers, and should not be required to interact with the general public. Tr. 820, Finding 5.

5- OPINION AND ORDER

At step five, the ALJ alternatively found, based on VE testimony, that plaintiff could perform work existing in significant numbers in the national and regional economy.  Tr. 824.

**DISCUSSION**

Plaintiff challenges the ALJ's evaluation of the evidence.  Specifically, plaintiff argues that the ALJ erred in (1) improperly discrediting plaintiff's testimony, (2) rejecting lay witness testimony, (3) determining plaintiff's RFC, and (4) presenting a deficient hypothetical to the vocational expert.

### 1.    Plaintiff's Testimony

Plaintiff asserts that the ALJ erred in evaluating plaintiff's testimony.   If an ALJ finds that a claimant's testimony relating to limitations is unreliable, the ALJ must make a credibility determination citing the reasons why that testimony is unpersuasive.  *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).  The ALJ must identify specifically what testimony is credible and what testimony undermines the claimant's complaints.  *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In evaluating a claimant's claim of subjective symptom testimony, the ALJ must determine whether the claimant has produced objective medical evidence of an underlying impairment which could reasonably be expected to produce the symptoms alleged.  20 C.F.R. § 404.1529(a); *Smolen v. Chater*, 80 F.3d 1273,1281-82 (9th Cir. 1996) (citation and quotation omitted).  An ALJ may consider medical evidence as a relevant factor in determining a claimant's credibility.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The Ninth Circuit set out a threshold test in *Cotton v. Bowen* (reaffirmed in *Bunnell*) to assist the ALJ in deciding whether to accept a claimant's subjective symptom testimony. *See* 799 F.2d 1403 (9th Cir. 1986). If the claimant produces evidence that meets the *Cotton* test, and there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the severity of symptoms only after offering specific, clear and convincing reasons for doing so. *See Dodrill*, 12 F.3d at 918.

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms must meet two tests. First, the claimant "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged. . . .'" *Bunnell*, 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A) (1988)); *see also Cotton*, 799 F.2d at 1407. Second, he or she must show that the impairment or combination of impairments could reasonably be expected to (not necessarily that it did) produce some degree of symptom. This means that the claimant need not produce objective medical evidence of the *symptom*, or the severity thereof:

> Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the *Cotton* test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.
>
> Finally, the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. This approach reflects the highly subjective and idiosyncratic nature of pain and other such symptoms. . . . Thus, the ALJ may not reject subjective symptom testimony under the *Cotton* analysis simply because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged (emphasis in original).

*Smolen*, 80 F.3d at 1282 (emphasis added) (citations and footnote omitted).


7- OPINION AND ORDER

In addition to medical evidence, factors relevant to the ALJ's credibility determination include:  a plaintiff's daily activities; the location, duration, frequency, and intensity of his or her symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment, other than medication; measures used to relieve symptoms; and functional limitations caused by the symptoms.  *Id.* at 1284; 20 C.F.R. § 404.1529©)(3).

"The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."  *Smolen*, 80 F.3d at 1284 (citation omitted).  In determining that subjective testimony is not credible, the ALJ may rely on:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Id.* (citations and footnote omitted).

In sum, if the plaintiff has met the burden of showing that his or her impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of the symptoms plaintiff's testimony describes, and there is no evidence suggesting that the plaintiff is malingering, the ALJ may not reject testimony regarding the severity of plaintiff's symptoms unless there are clear and convincing reasons for doing so.  *Id.* at 1283; *see also Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

Here, the ALJ found plaintiff's allegations regarding her limitations and inability to work not entirely credible.  The ALJ gave a number of clear and convincing reasons for her credibility determination, including plaintiff's failure to report symptoms or limitations to treatment providers, plaintiff's lack of compliance with treatment recommendations, the effectiveness of

treatment when she did comply with recommendations, her inconsistent statements regarding drug use, as well as her propensity for exaggeration. Further, the ALJ noted that plaintiff's claimed several disabling impairments that were not medically determinable nor severe according to the objective medical evidence. The ALJ properly found plaintiff's subjective complaints to be inconsistent with the medical evidence and her credibility thereby diminished regarding her complaints of debilitating impairments.

This court concludes that plaintiff's credibility was evaluated properly in light of the lack of medical evidence to support the severity and number of limitations she claimed, as well the other factors given by the ALJ discussed above. The ALJ offered clear and convincing reasons for rejecting plaintiff's allegation of disability, which are supported by substantial evidence.

### 2.    Third-Party Testimony

Plaintiff asserts that the ALJ erred in failing to credit the testimony of several lay witnesses. Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account" unless the ALJ "expressly determines to disregard such testimony and give reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Lay testimony may be discounted if it conflicts with medical evidence. *Id.* An ALJ must offer "arguably germane reasons for dismissing" lay testimony, but need not "clearly link his determination to those reasons." *Id.* at 512.

Here, the ALJ properly considered the lay witness testimony. The ALJ concluded that "there is no reason to doubt their observations of the behaviors the claimant demonstrates, and the undersigned finds them to be generally credible." Tr. 822. However, the ALJ correctly noted the discrepancy between the lay witness testimony and the record of plaintiff's activities.

Specifically, the ALJ noted that the lay witness testimony was not entitled to "significant weight" because the witnesses were not aware of plaintiff's ongoing drug abuse. Accordingly, the ALJ properly considered the lay witness evidence.

      **3.      RFC Assessment**

Plaintiff asserts that the ALJ's RFC finding is insufficient because it did not address whether plaintiff could perform work on a sustained basis and did not perform a function-by-function analysis. The ALJ has the responsibility for determining plaintiff's RFC. 20 C.F.R. § 404.1546; SSR 96-5p. Therefore, neither a doctor's opinion nor plaintiff's testimony is conclusive on this issue. Nevertheless, in assessing plaintiff's RFC, the ALJ must consider the whole record, and explain how he weighs the medical evidence and testimony. The ALJ makes his final determination based on the evidence as a whole. SSR 96-5p.

Here, the ALJ considered the entire record, including plaintiff's testimony (which the ALJ found not fully credible) and concluded she retained the RFC for simple, routine, repetitive, medium to light exertional level work, was restricted to only occasional interaction with her supervisors and co-workers, and should not be required to interact with the general public. These findings were supported by the medical evidence and the credible portions of plaintiff's testimony.

      **4.      Vocational Expert Hypothetical**

Plaintiff asserts that the ALJ presented a deficient hypothetical to the vocational expert and therefore the resulting testimony from the vocational expert has no evidentiary value. A hypothetical question to a vocational expert must contain "all of the limitations and restrictions" of the plaintiff. *Magallenes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989).

10- OPINION AND ORDER

Plaintiff argues that the hypothetical question posed to the vocational expert did not incorporate all of plaintiff's impairments such as her migraines, negative reactions to stress, depression, panic/anxiety attacks, manic episodes, personality disorder, need for naps and rest breaks, irritability and reduced concentration and pace.  The ALJ, however, was not required to include limitations in the hypothetical that he had properly rejected.  *Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001).  The ALJ, therefore, properly found based on the vocational expert's testimony that plaintiff could perform her past relevant work and, alternatively, other work existing in significant numbers in the national economy.

## CONCLUSION

Based on the foregoing, this court concludes that the findings of the Commissioner are based upon correct legal standards and are supported by substantial evidence existing in the record.  The Commissioner's decision denying plaintiff's application for benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this  26   day of August, 2008.


         /s/ Ancer L. Haggerty
        Ancer L. Haggerty
      United States District Court